UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BAYOU LIBERTY PROPERTY, LLC | CIVIL ACTION NO. 2:14-CV-01112 |
| VERSUS | SECTION: B (JUDGE LEMELLE) |
| BEST BUY STORES, L.P. AND BEST BUY CO., INC. | MAGISTRATE: 4 (MAGISTRATE JUDGE ROBY) |

**MEMORANDUM IN SUPPORT OF MOTION FOR
LEAVE TO FILE SUPPLEMENTAL AND AMENDING COMPLAINT**

Bayou Liberty Property, LLC ("Bayou Liberty") moves for leave to file the First Supplemental and Amending Complaint attached to Bayou Liberty's Motion for Leave. Bayou Liberty wishes to amend its Complaint to include claims that have arisen since the Complaint in this action was filed, but which relate directly to the causes of action asserted in the Complaint. Specifically, they constitute additional breaches by Best Buy of the Lease at issue in this proceeding. Counsel for Best Buy Stores, L.P. and Best Buy Co. Inc. (collectively "Best Buy") has not consented to the filing of the Supplemental and Amending Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings, and the rule "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (Former 5th Cir. 1981). The policy of the rule is to allow liberal amendment; thus, leave to amend is freely given. *Id*. "Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*. at 598. The reasons that might justify denial of permission to amend a pleading include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Id*. None of these reasons are present here.

Bayou Liberty filed this lawsuit on May 5, 2014 for Declaratory Judgment, Breach of Lease and Damages. Bayou Liberty included in its Complaint all known breaches of the Lease by Best Buy. On or around October 16, 2014, Bayou Liberty observed that the electricity in the building vacated by Best Buy had apparently been turned off, as water had accumulated in the delivery bay due to the lack of an operational sub-surface drain pump. After Bayou Liberty informed Best Buy of the problem, the electricity was apparently turned back on.

Again, however, on or about January 9, 2015, Bayou Liberty observed that the electricity was apparently turned off because the delivery bay had filled up with water again. Bayou Liberty then became concerned about the state of the building. On February 11, 2015, Best Buy permitted Bayou Liberty and its agents to inspect the building. During that inspection, it was revealed that the building is seriously contaminated with visible mold, and that the roof decking was damaged and in need of replacement, resulting in water intrusion into the building. Additional serious maintenance issues were discovered at that time, including problems with the scupper and downspouts, other moisture and water intrusion, damaged vertical expansion joints, and problems with the HVAC system. Air samples were taken on that day, and a later microbial assessment report was presented to Bayou Liberty on February 19, 2015. This report confirms that extremely high levels of penicillium-aspergillus like molds and cladosporium molds are present in the interior as well as high levels of penicillium-aspergillus and cladosporium molds in the carpeting and stachybotry molds in the drywall.

Because of these recent findings, Bayou Liberty seeks leave to amend and supplement its Complaint to assert Best Buy's additional breaches of the Lease. In particular, the Lease

requires Best Buy to maintain the leased premises "in a state of good condition and repair," which clearly Best Buy has not done.  The Lease also prohibits the presence of hazardous material in the leased premises, to include toxic substances like mold.  Best Buy has allowed the toxic mold to grow in the carpet, drywall and throughout the building, creating a hazardous environment that must be remediated and repaired.

Bayou Liberty was only made aware of the deplorable state of the building and Best Buy's additional Lease breaches on February 11, 2015 at the earliest at the time of the physical inspection of the building.  Bayou Liberty's mold fears were confirmed by the microbial assessment report of February 19, 2015.  Therefore Bayou Liberty has not been dilatory in seeking leave to amend its Complaint.  Moreover, the initial depositions in this case are not set to begin before March 16, 2015.  These additional claims must necessarily be joined in the action as they relate directly to, and are further evidence of, Best Buy's breaches of the Lease.

In addition, Bayou Liberty recently became aware that Best Buy has failed to pay the real estate taxes for 2014, in breach of its lease obligation to do so.  Bayou Liberty has had to pay the taxes and interest in order to avoid the threat of public seizure and sale of the building, and seeks to amend its Complaint to recover the amounts paid.

Clearly judicial economy and common sense dictate that all of Best Buy's breaches of the Lease be litigated in this single proceeding.  Because there is no substantial reason to deny the amendment, Bayou Liberty respectfully requests that this Court grant it leave to supplement and amend the Complaint, as provided in Rule 15(a) of the Federal Rules of Civil Procedure

        Respectfully submitted,

        GORDON, ARATA, MCCOLLAM,
         DUPLANTIS & EAGAN, LLC
        201 St. Charles Avenue, Suite 4000
        New Orleans, Louisiana 70170-4000

          Telephone:   (504) 582-1111
          Facsimile:   (504) 582-1121

By: /s/ Nina Wessel English
    Howard E. Sinor, Jr.(T.A.), #12106
    hsinor@gordonarata.com
    Nina Wessel English, #29176
    nenglish@gordonarata.com

Attorneys for Bayou Liberty Property LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the above and foregoing Memorandum in Support of Motion for Leave to File First Supplemental and Amending Complaint using this Court's CM/ECF system to counsel of record participating in the CM/ECF system, or by placing signed copies in the United States mail, properly prepaid, to counsel of record not participating in the CM/ECF system, on this 5th day of March, 2015.

          /s/ Nina Wessel English
          Nina Wessel English