# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BAYOU LIBERTY PROPERTY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BEST BUY STORES, L.P. AND BEST BUY CO., INC., <br><br> Defendant, | Civil Action <br><br> Case No. 2:14-CV-01112 <br><br> Section: B <br> Judge Ivan L. R. Lemelle <br><br> Mag. Div. 4 <br> Judge Karen Wells Roby |

## OPPOSITION TO BAYOU LIBERTY'S MOTION FOR
## LEAVE TO FILE SUPPLEMENTAL AND AMENDING COMPLAINT

Defendant Best Buy Stores, L.P. and Best Buy Co, Inc. ("Best Buy") oppose Plaintiff Bayou Liberty, LLC.'s ("Bayou's") Motion for Leave to File Supplemental and Amending Complaint ("Motion to Amend").

Bayou has moved this Court, under Federal Rule of Civil Procedure 15, for leave to amend, claiming that Rule 15 requires that leave be "freely given". (Dkt. No. 45-1 at 1.) However, Bayou's Motion is not properly brought under Rule 15, but rather should be brought under Federal Rule of Civil Procedure 16(b)(4). This Court entered a Scheduling Order on August 28, 2014. (Dkt. No. 18.) "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court." (*S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003).)

Additionally, the Scheduling Order provides that "Amendments to pleadings, third-party actions, cross-claims and counter-claims shall be filed no later than SEPTEMBER 29, 2014." (*Id.* at 1.) When a motion for leave to amend a pleading is

brought after the scheduling order deadline has passed, leave to amend must be brought under Rule 16, and leave should only be granted for "good cause." (*Cole v. Sandel Med. Indus., L.L.C.*, 413 F. App'x 683, 688 (5th Cir. 2011); *S&W Enters.*, 315 F.3d at 536; Fed. R. Civ. P. 16(b)(4).)

**Bayou Has Failed to Show Good Cause.**

Bayou has failed to even argue a showing of good cause in its Motion. Because leave to amend under Rule 16 can only be granted upon a showing of good cause, this alone should dictate that Bayou's Motion to Amend be denied. The few arguments made in Bayou's Motion, generously read as an argument for good cause, still fail to show good cause.

In determining good cause, four factors are considered: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." (*Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).)

Considering the first factor, explanation for the untimeliness, Bayou claims that it has become aware of new alleged claims only recently via an inspection of the subject property of this litigation. However, Bayou, as the landlord, has always had the opportunity to inspect the property, long before this litigation, and during the entire pendency of this litigation. The fact that the landlord only recently conducted an inspection is entirely Bayou's own doing. Bayou's failure to inspect its own property should not be an acceptable basis to stop the current litigation schedule, reopen discovery, reset deadlines, and delay trial. Bayou's "explanation" for its delay does not show good cause.

Looking at the second factor, the importance of the amendment, Bayou has not and cannot argue that its additional allegations need to be included in this litigation. Any ruling on any of the claims already at issue in the case would not have a binding effect on the new allegations. There is no need for these new allegations to be included in the present action. It may be more efficient for Bayou to have the claims in a single action, but convenience of one party does not equate to good cause.

The third factor, prejudice to Best Buy, is clear here. Granting leave to amend would significantly delay this matter. Every month that this litigation continues, Best Buy incurs significant additional costs. Best Buy is still paying rent on Bayou's vacant property. Best Buy continues to pay for utilities for a vacant, unused building. Best Buy continues to pay for insurance for an empty building. Allowing Bayou to submit new pleadings will take this case back to the pleading stage, and since Best Buy has counterclaims against Bayou, a new pleading stage will take months. Then, discovery will have to reopen for months. New discovery requests will have to be made and answered. New depositions will have to be taken. New dispositive motions will have to be briefed and submitted. And trial will ultimately be delayed. Allowing Bayou to amend will push trial out at least six months. (Which is a conservative estimate, based on the fact that Bayou is seeking to amend its pleadings six months after the deadline for doing so has passed.) Bayou is aware of this, and aware of the effect of such an extension on Best Buy. Granting Bayou's Motion to Amend will cause significant prejudice to Best Buy.

The last factor, the potential to cure such prejudice with a continuance, is not an option here, since the delay itself is the prejudice. The only way to cure the prejudice of the delay is to order that Best Buy need not keep paying rent on the empty building, and to require that Bayou assume payments for utilities, insurance, and other

continuing maintenance expenses. Short of that, there is no way to grant Bayou leave while also curing the prejudice against Best Buy.

Because all four factors weigh against a finding of good cause, this Court should deny Bayou's Motion to Amend to amend its pleadings.

**Bayou's Amendments are Futile.**

Even if the Court determines that Bayou has shown good cause, the Court must also find that leave would be proper under Rule 15. Only after a movant has shown good cause under Rule 16 does a court evaluate a motion for leave to amend a pleading under Rule 15. (*Cole*, 413 F. App'x at 688.) While leave to amend under Rule 15 is to be freely granted, leave should be denied if such an amendment would be futile. (*Emory v Texas State Bd. of Medical Examiners*, 748 F2d 1023 (5th Cir. 1984).) In determining whether a motion to amend is futile, a court must apply the same standard of legal sufficiency as is applied under Rule 12(b)(6), and consequently, a motion to amend should be denied as futile if it appears beyond doubt that a plaintiff can prove no set of facts in support of its claim that would entitle it to relief. (*Stripling v. Jordan Prod. Co.*, 234 F3d 863 (5th Cir. 2000).)

In its Motion to Amend, Bayou alleges two new breaches by Best Buy of the Ground Lease: 1) failure to pay real estate taxes, and 2) neglect of the premises. Bayou's proposed First Amended Complaint fails to allege that Bayou ever gave notice to Best Buy of default related to these new allegations. (*See* Dkt. No. 45-3 (Proposed First Amended Complaint) ¶¶ 34–46, wherein Bayou alleges *notice* of the initial defaults, and *discovery* of the new alleged defaults.)

The Ground Lease requires that Bayou, as landlord, provide to Best Buy written notice of any alleged default. (Ex. A. § 16(b).) Best Buy then has two options: 1) Cure the alleged default within 30 days of being notified; or 2) commence an "investigation on

4

the proper course of conduct to cure or the cure of such default within such thirty (30) day period and thereafter diligently pursues such cure to completion," (Ex. A. § 16.) It is only if Best Buy both fails to cure the default within 30 days, and fails to begin an investigation within 30 days, that Bayou can assert an action against Best Buy for breach of the Ground Lease. (*Id.*) If Best Buy cures the alleged default within 30 days, or commences an investigation within 30 days, Bayou is precluded by the terms of the Ground Lease from bringing a claim against Best Buy for those alleged defaults. (*Id.*)

Bayou has failed to allege that it provided proper notice to Best Buy of any of the new alleged breaches. Best Buy admits that it did receive written notice of Bayou's allegations of default related to the alleged neglect of the premises. That written notice, attached hereto as Exhibit B, was sent on February 23, 2015. Per the Ground Lease, Best Buy has 30 days, or until March 25, 2015, to either cure the default, or commence an investigation and thereafter diligently pursue the cure to completion. Bayou is precluded by the terms of the Ground Lease from bringing a claim related to the noticed alleged default until March 26, 2015, or if Best Buy commences an investigation, until Best Buy fails to pursue the cure. Either way, Bayou's Motion to Amend, filed on March 5, 2015, is premature. In reality, Best Buy has begun an investigation on the proper course of conduct to cure the alleged default and is pursuing that course to completion. As such, Bayou is precluded under the Ground Lease from bringing any action related to this alleged default.

With respect to Bayou's other alleged default related to the payment of real estate taxes, Bayou has never provided Best Buy with written notice of alleged default. The first time that Best Buy became aware of the issue was from Bayou's filing of its Motion to Amend. If Bayou's filing of its Motion was considered "proper written notice" of default, Best Buy has until April 4, 2015, to cure or to begin an investigation. If that was

5

not proper written notice, Bayou still has not notified Best Buy of any alleged default related to real estate taxes. Either way, Bayou's claim of breach is not yet ripe.

Under Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed if it fails to state a claim upon which relief can be granted. Bayou is alleging two new claims of breach of the Ground Lease. Because the Ground Lease provides that Bayou may not bring a claim of breach against Best Buy until Best Buy has been given 30 days to cure the alleged default or begin an investigation, Bayou's two new claims of breach fail as a matter of law.

Leave to amend under Rule 15 should be denied if such an amendment would be futile, judged under a Rule 12(b)(6) standard. (*Stripling*, 234 F3d at 863.) Because Bayou's two new claims of breach of the Ground Lease would fail under Rule 12(b)(6), Bayou's Motion to Amend should be denied.

## Conclusion

Bayou has failed to allege good cause supporting its Motion to Amend, and therefore, Bayou's Motion to Amend should be denied under Rule 16(b)(4). Analyzing Bayou's arguments, all four factors used in determining good cause favor Best Buy and against granting Bayou leave to amend. Additionally, Bayou's Motion to Amend should be denied under Rule 15 as the proposed amendments are futile, as each new claim of breach fails as a matter of law.

Dated: March 17, 2015                               **Robins Kaplan LLP**

                                                By:  /s/ Ochen D. Kaylan
                                                     Thomas C. Mahlum, (*pro hac vice*)
                                                     Ochen D. Kaylan, (*pro hac vice*)
                                                     2800 LaSalle Plaza
                                                     800 LaSalle Avenue
                                                     Minneapolis, MN  55402-2015
                                                     T: 612-349-8500
                                                     F: 612-339-4181


                                                     **Stanley, Reuter, Ross, Thornton & Alford L.L.C.**

                                                     Richard C. Stanley, 8487
                                                     Bryan C. Reuter, 23910
                                                     909 Poydras Street, Ste. 2500
                                                     New Orleans, LA 70112
                                                     Telephone: (504) 523-1580
                                                     Facsimile: (504) 524-0069

                                                     *Counsel for Defendants and Third-Party Plaintiffs Best Buy Stores, L.P. and Best Buy Co., Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2015, I electronically filed the foregoing document using the CM/ECF system, which will send a notice of electronic filing to persons electronically noticed. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to any non-CM/ECF participant.

Dated: March 17, 2015  By: */s/ Ochen D. Kaylan*
Ochen D. Kaylan (*pro hac vice*)

ROBINS KAPLAN LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Phone: (612) 349-8500

*Counsel for Best Buy Stores, L.P.*

85696471.1