UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BAYOU LIBERTY PROPERTY, LLC | CIVIL ACTION NO. 2:14-CV-01112 |
| VERSUS | SECTION: B (JUDGE LEMELLE) |
| BEST BUY STORES, L.P. AND BEST BUY CO., INC. | MAGISTRATE: 4 (MAGISTRATE JUDGE ROBY) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
LEAVE TO FILE SUPPLEMENTAL AND AMENDING COMPLAINT**

Bayou Liberty Property, LLC's ("Bayou Liberty") amended complaint seeks to add only additional breaches by Best Buy of the same lease that is the subject of the initial complaint. Bayou Liberty has showed good cause for filing an amended complaint under Federal Rule of Civil Procedure 16, and leave to amend should be freely given under Federal Rule of Civil Procedure 15.

**I.  Bayou Liberty Has Shown Good Cause for Filing the Amended Complaint After the Court's Deadline for Amendments to Pleadings.**

Bayou Liberty satisfied the first factor of Rule 16's good cause requirement in its prior memorandum. Bayou Liberty explained its reason for not moving for leave to amend before the Court's September 29th deadline for amendments to pleadings—simply that it did not know of these additional breaches. As set forth in detail in the memorandum in support of its motion to amend, Bayou Liberty had no reason to believe that its tenant, a national electronics retailer, would allow a building for which it was paying rent to fall into serious disrepair, and become filled with mold, warranting a landlord-initiated inspection.

Bayou Liberty first observed that the electricity to the vacant building was apparently shut off on October 16, 2014. It alerted Best Buy to this, and the electricity was apparently turned back on. At that time, Bayou Liberty had no reason to enter the vacant building and no reason to suspect that Best Buy had allowed water intrusion and attendant mold growth throughout the building—a building that Best Buy was still contractually obligated to keep in good condition and on which Best Buy was still paying rent.

However, on or about January 9, 2015, Bayou Liberty again observed that the electricity was apparently turned off, because the delivery bay had filled up again with water. Because this was the second time that Bayou Liberty discovered water collecting in the delivery bay, Bayou Liberty became concerned about the state of the building generally. Due to the pendency of this litigation, undersigned counsel contacted counsel for Best Buy and, coordinating schedules of both parties, arranged to have the building formally inspected on February 11, 2011. During that inspection, it was revealed that the building is seriously contaminated with visible and airborne mold, and that the roof decking was damaged and in need of repair, resulting in water intrusion into the building.

These problems were confirmed by the microbial assessment report of February 19, 2015, which revealed *high* levels of the toxic and harmful stachybotrys mold, as well as high levels of other types of mold spores. (*See* Exhibit A, Microbial Overview Report by Driskill Environmental Consultants, LLC.) Bayou Liberty immediately sought to amend its complaint following this disturbing discovery. Having had no reason to believe that Best Buy would allow its building to become contaminated with mold, Bayou Liberty was under no obligation to enter and inspect the building—particularly given that Best Buy itself apparently did not know the condition of its own building, as it let the mold situation grow unabated until Bayou Liberty's

inspection revealed the extent of the toxicity. If Best Buy as possessor of the building was unaware of the toxic nature of its building's interior, it cannot seriously contend that Bayou Liberty was somehow dilatory in not inspecting the property in the possession of Best Buy.

As far as the second factor under the good cause requirement, the importance of the amendment, Bayou Liberty has articulated that the newly presented claims relate directly to the same parties and the same Lease. They are simply additional instances of breach of that Lease that have just recently come to light, since the filing of the Complaint. Bayou Liberty has not asserted any new causes of action against Best Buy—only additional grounds for its breach of lease claim and additional items of damage. Contrary to Best Buy's statement, it is not the convenience of Bayou Liberty that is at issue here, but rather the considerations of judicial economy, which all litigants are required to take into account. Moreover the breach of Lease issues involve the same documents (namely, the Lease) and the same parties and witnesses. It is completely antithetical to the concept of judicial efficiency to litigate some of Best Buy's breaches in one litigation and then have the parties and the Court address many of the same documents, and hear from many of the same witnesses, as to Best Buy's other breaches of the lease. The joinder of all claims related to Best Buy's breach of the lease is specifically contemplated by Rule 18 of the Federal Rules of Civil Procedure, which permits a party to join together "as many claims as it has against an opposing party."

Finally the third and fourth factors applicable the good cause standard, the potential for prejudice and the availability of a continuance, weigh in favor of granting the motion. Contrary to Best Buy's argument, it will suffer no prejudice as a result of this amendment. Depositions have not even begun in this case (and, contrary to Best Buy's argument, will not need to be "redone") and discovery is still being exchanged by the parties. There is no unfair surprise to

Best Buy because the state of the former Best Buy building, for which Best Buy is paying rent and has sole right of occupancy, was or should have been known by Best Buy. Similarly, Best Buy's obligation to pay property taxes has been known to Best Buy since the inception of the lease. And, as discussed below, Best Buy received a copy of the tax bill itself on December 8, 2014. Even if there were some potential for prejudice, the prejudice can be cured by a brief—not six months as Best Buy predicts—continuance of the discovery deadline and trial date.

## II. Leave to Amend is Appropriate Under Rule 15.

Under Federal Rule of Civil Procedure 15, permission for leave to amend a complaint should only be denied under Rule 15 "if it appears to a certainty that plaintiffs cannot state a claim showing they are entitled to relief or defendant will be unduly prejudiced." *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 182 (5th Cir. 1980).

Best Buy argues under Rule 15 that it is *too early* for Bayou Liberty to raise the breaches of failure to pay real estate taxes and neglect of the premises. This follows Best Buy's argument under Rule 16 that Bayou Liberty waited *too late* to bring these additional claims. While Best Buy is correct that the Lease contemplates a cure period after written notice of alleged default is given, Bayou Liberty filed the motion to amend the complaint to include the additional claims for breach prior to the expiration of that cure period specifically to head off any argument from Best Buy that Bayou Liberty had been dilatory in failing to do so. Best Buy cannot legitimately argue that Bayou Liberty cannot amend its complaint because it waited too late to inspect the building and discover Best Buy's neglect, and simultaneously argue that Bayou Liberty's amendment is too early because it has not given Best Buy enough time to cure the defects.

Regarding the unpaid 2014 real estate taxes owed by Best Buy, Best Buy has been on general notice of its obligation to pay real estate taxes since it signed the lease on March 21,

2001 because the lease provides that Best Buy must pay real estate taxes. More particularly, on December 2, 2014, Bayou Liberty sent the 2014 tax bill to Best Buy and instructed Best Buy to pay the taxes as the lease requires. (*See* Exhibit B, 12/2/2014 Correspondence from Bayou Liberty to Best Buy with enclosed Tax Bill, and Return Receipt showing that Best Buy received the notice and tax bill on December 8, 2014.) Bayou Liberty reasonably assumed that Best Buy had fulfilled its lease obligation to pay the real estate taxes until it learned otherwise when it received a deficiency notice in late February 2015. Bayou Liberty then paid the taxes and interest in order to avoid a tax lien and the threat of public seizure and sale of the building (and thereby mitigated its potential damages). Notably, Best Buy does not dispute that the taxes were owed, nor has Best Buy made any effort to reimburse Bayou Liberty for the taxes it paid on Best Buy's behalf; rather, Best Buy somewhat disingenuously argues that Bayou Liberty cannot amend its complaint to add this additional lease violation because Best Buy has not been given sufficient time to cure this default.

"[I]t is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation. *Dillon v. Silva*, CIV.A. 13-4769, 2013 WL 5442000, at *2 (E.D. La. Sept. 27, 2013). There can be no real dispute that judicial economy would benefit from litigating all of Best Buy's breaches of the lease in this single proceeding. Therefore, under Rule 16's good cause standard and Rule 15's standards, Bayou Liberty requests that its Motion for Leave to Amend be granted.

Respectfully submitted,

GORDON, ARATA, MCCOLLAM,
 DUPLANTIS & EAGAN, LLC
201 St. Charles Avenue, Suite 4000
New Orleans, Louisiana 70170-4000
Telephone:     (504) 582-1111
Facsimile:      (504) 582-1121


By:/s/   Nina Wessel English                 .
       Howard E. Sinor, Jr.(T.A.), #12106
       hsinor@gordonarata.com
       Nina Wessel English, #29176
       nenglish@gordonarata.com

Attorneys for Bayou Liberty Property LLC


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the above and foregoing Reply in Support of Motion for Leave to File First Supplemental and Amending Complaint using this Court's CM/ECF system to counsel of record participating in the CM/ECF system, or by placing signed copies in the United States mail, properly prepaid, to counsel of record not participating in the CM/ECF system, on this 20th day of March, 2015.

                     /s/ Nina Wessel English         
                    Nina Wessel English