UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BAYOU LIBERTY PROPERTY, LLC**        CIVIL ACTION

**VERSUS**                             NO:   14-1112

**BEST BUY STORES, LP, ET AL.**        SECTION: "B" (4)

ORDER

Before the Court is Plaintiff, Bayou Liberty Property, LLC's ("Bayou Liberty") **Motion for Leave to File Supplemental and Amending Complaint (R. Doc. 45)**, seeking leave of court to file an amending complaint to add additional factual allegations that include new and recent breaches of the lease at issue. The motion is opposed. *See* R. Doc. 50. The motion was heard on the briefs on Wednesday, March 25, 2015.

**I.    Background**

This action arises out of the alleged breach of the Ground Lease ("Lease") agreement between Bayou Liberty and the defendants, Best Buy Stores LP and Best Buy Co., Inc. (collectively "Best Buy"), for the rental property located at the northeast quadrant of North Shore Boulevard and US 190, in Slidell, Louisiana. *See* R. Doc. 1, at 2. Bayou Liberty alleges that the Lease was for a term of twenty (20) years and was entered into on April 10, 2001 and commenced on November 15, 2001.

Bayou Liberty alleges that Best Buy violated the Lease when it: (1) assigned the lease on two occasions without prior written notice; (2) failed to execute a specific assumption of the entire lease with the prospective assignee; (3) failed to use reasonable efforts to find a subtenant or assignee to continue to operate the leased premises; (4) attempted to sale the property that is owned by Bayou Liberty; and (5) failed to maintain insurance coverage. *Id.* at 9-10. Pursuant to

the terms of the Lease, Bayou Liberty alleges that it provided default notices for each violation and gave Best Buy an opportunity to cure the violations, but Best Buy failed to do so.

In the instant motion, Bayou Liberty seeks leave of court to file a supplemental and amending complaint to allege three additional breaches of the Lease: (1) Best Buy's failure to pay all real estate taxes; (2) Best Buy's failure to maintain the leased premises in a state of good condition and repair; and (3) Best Buy's failure ensure there are no hazardous substances on the premise. *See* R. Doc. 45-3, at 13.

## II.   Standard of Review

Federal Rule of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal and lenient amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).

Although Rule 15(a) governs the amendments of pleadings, the Fifth Circuit has established that Rule 16(b) "governs the amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16 provides that a scheduling order may only be modified for good cause shown and with the Judge's consent. *See* Fed. R. Civ. Pro. 16(b)(4). Therefore, only after the movant has satisfied the good cause requirement of Rule 16(b) will the more liberal standard of 15(a) apply. *S & W Enters., LLC*, 315 F.3d at 536.

In determining whether a party has provided good cause under Rule 16(b), courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC*, 315 F.3d at 535. "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

### III.  Analysis

Bayou Liberty filed the instant motion on March 5, 2015, which is over five months after the September 29, 2014 amendment deadline set forth in the Scheduling Order (R. Doc. 18). As such, the Court must apply Rule 16(b) to determine whether Bayou Liberty has good cause for filing the motion after the Scheduling Order deadline. Thus, the Court will apply the aforementioned *Huey* factors.

#### A.  Explanation of the untimely conduct

Bayou Liberty argues that its motion for leave to amend is untimely because only recently it became aware of the conditions of the premise and the fact that Best Buy failed to pay the real estate taxes for 2014. *See* R. Doc. 51-1. Bayou Liberty contends that prior to its inspection of the premise on February 11, 2015, it had no reason to believe that the premise was not being properly maintained. *Id.* at 2. Bayou Liberty represents that it was on notice of a possible violation of the breach when on October 16, 2014 and January 9, 2015 water filled up in the delivery bay because Best Buy did not have running electricity at the premise. *Id.* Bayou Liberty contends that these two occasions made Bayou Liberty concerned about the state of the

3

building. *Id.* Bayou Liberty further argues that their concern was confirmed upon inspection of the premise on February 11, 2015 and upon receipt of a microbial assessment report on February 19, 2015 revealing high levels of toxic mold. *Id.*

In opposition, Best Buy argues that despite Bayou Liberty's assertion that it recently became aware of the new claims after the inspection, Bayou Liberty has always had the opportunity to inspect the premise as the landlord. *See* R. Doc. 50, at 2. Best Buy contends that Bayou Liberty's failure to inspect its own property should not be an acceptable basis to stop the current litigation schedule, reopen discovery, and delay trial. *Id.*

Courts in the Fifth Circuit have held that information learned during discovery is good cause to amend under Rule 16. *See e.g. Mobius Risk Grp., LLC v. Global Clean Energy Holdings, Inc.*, No. H-10-1708, 2011 WL 2193294 (S.D. Tex. June 6, 2011) (granting leave to amend and add the CEO as a new defendant after his deposition); *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F.Supp.2d 845, 853 (E.D. Tex. 2004) (granting leave to amend after discovery uncovered additional products that might have been infringed); *Udoewa v. Plus4 Credit Union*, No. CIVA H–08–3054, 2010 WL 1169963, at *2–3 (S.D. Tex. Mar.23, 2010) (granting leave to amend after discovery to add claim based on deposition testimony).

While new information revealed during discovery can provide good cause to grant leave to amend, it should not be granted if the information was known or should have been known prior to discovery. *See Mobius Risk Grp., LLC*, No. H-10-1708, 2011 WL 2193294 at *3 (granting leave to amend because the record did not reflect the plaintiff knew or could have known the new defendant's fraudulent role in the matter); *George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, No. CIV.A. H-10-3828, 2012 WL 2122198 (S.D. Tex. June 11, 2012), appeal dismissed (Sept. 12, 2012) (denying leave to amend because the new claims and

allegations arising out of discovery were known at the time she filed the action). Thus, diligence is at the crux of the good cause standard under Rule 16. *Mobius Risk Grp., LLC*, 2011 WL 2193294 at *3.

The issue here is whether Bayou Liberty should have known that the premise was in disrepair prior to its inspection of the premise on February 11, 2015. Under the circumstances of this case, the Court finds that Bayou Liberty had reason to inspect the premise well before its February inspection. When Bayou Liberty initiated this action, it should have been concerned about the maintenance of the premise due to the fact that Best Buy defaulted on the Lease on multiple occasions. Best Buy's prior defaults should have alerted Bayou Liberty to the possibility that Best Buy would be negligent in its care of the property.

Furthermore, even if Bayou Liberty was not alerted by Best Buy's numerous defaults, it should have been alerted on October 16, 2014 when it first learned that water was accumulating in the delivery bay and the electricity was turned off at the building. Rather than institute an inspection at that point, Bayou Liberty waited an additional four months to inspect the premise on February 11, 2015, which only occurred after water accumulated in the delivery bay for a second time on January 9, 2015. Thus, the first factor in the good cause standard is not satisfied because the untimeliness of the motion is inexcusable due to Bayou Liberty being dilatory in its efforts to inspect the premise.

**B.     The importance of the requested untimely action**

Bayou Liberty argues that the amendment is important for the purpose of judicial economy. Bayou Liberty contends that the new factual allegations relate to the same breach alleged in the original complaint. *See* R. Doc. 51-1, at 3. Bayou Liberty contends that they are not asserting any new claims of action and that it would be judicially efficient to litigate all of

Best Buy's breaches together rather than in separate lawsuits. *Id.* Bayou Liberty also argues that the new allegations are aligned with Rule 18, which permits a party to join together "as many claims as it has against an opposing party." *Id.*

Best Buy argues that the new factual allegations do not need to be included in this litigation. *See* R. Doc. 50, at 3. Best Buy avers that any ruling on the claims already at issue would not have a binding effect on the new allegations and that there is no need to have the claims in a single action. *Id.*

The new factual allegations are related to Bayou Liberty's breach of lease claim because the alleged breaches pertain to the same Lease agreement at issue. Thus, judicial economy would weigh in favor of allowing the amendment. However, joinder is not required but it is permissive. Thus, the second factor in the good cause standard is satisfied.

### C. The potential prejudice in allowing the untimely conduct and availability of a continuance to cure the prejudice

Bayou Liberty contends that Best Buy will not suffer any prejudice as a result of the amendment because depositions have not begun and discovery is still being exchanged by the parties. *See* R. Doc. 51-1, at 3. Bayou Liberty further argues that the amendment should not come as a surprise to Best Buy because it has the sole right to occupancy and should have known the condition of the building. *Id.* Additionally, Bayou Liberty argues that Best Buy was on notice that it did not pay the real estate taxes because it received the tax bill on December 8, 2014. *Id.* at 4. Bayou Liberty claims that if there is a potential of prejudice against Best Buy, the prejudice can be cured by a brief continuance of the discovery deadline and trial date.

Best Buy contends that it would be prejudiced by the amendment because the amendment would extend the life of this case, which forces Best Buy to incur additional cost. *See* R. Doc. 50, at 3. Best Buy argues that it is still paying rent, utilities and insurance on the vacant property. *Id.*

According to Best Buy, allowing Bayou Liberty to amend its complaint would push this case back to the pleading stage and require new discovery requests that will reopen discovery for months, possibly pushing the case back six months. *Id.*

Under this third factor, courts in the Fifth Circuit have found that a delay in the proceedings and increased cost can be prejudicial to a defendant when the motion to amend is filed at a late stage in the litigation. *See Lowery v. Ocwen Loan Servicing, LLC*, No. CIV.A. H-13-3647, 2015 WL 459263, at *2 (S.D. Tex. Feb. 3, 2015) (denying motion to amend finding defendant "would be prejudiced by the increased costs and expenses"); *Ward v. CNH Am., LLC, Ind.*, No. 3:11-CV-0762-L, 2012 WL 3072927, at *3 (N.D. Tex. July 27, 2012) (affirming Magistrate Judge's denial of a motion to amend on the grounds that it would "necessitate additional avoidable costs, such as those for conducting additional discovery and again presenting dispositive motions to the court").

Here, the discovery deadline is April 7, 2015 and the trial is scheduled for May 18, 2015. At this stage in the litigation, the only way to cure the prejudice would be to extend the discovery deadline and post pone the trial date. Bayou Liberty's proposed amended complaint not only includes new factual allegations, but also includes new claims for relief. The new claims for relief consist of (1) an order requiring Best Buy to repair the premise or require Best Buy to pay for the repairs; (2) a declaration that Best Buy indemnify, defend, protect and hold harmless Bayou Liberty from all claims, damages, cost, etc. arising from the breach; and (3) a judgment in the amount of $42,195.92 for the taxes paid by Bayou Liberty. *See* R. Doc. 45-3, at 14. Each of the new claims for relief raise the stakes of the litigation and will require Best Buy to engage in thorough discovery to defend against the claims. As such, the third and fourth factors of the good cause standard are not satisfied.

### IV.     Conclusion

Bayou Liberty does not satisfy the good cause standard to amend its complaint under Rule 16(b) because its amendment is inexcusably untimely and will prejudice Best Buy by raising the cost of litigation and requiring a continuance of the trial.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Leave to File Supplemental and Amending Complaint (R. Doc. 45)** is **DENIED**.

New Orleans, Louisiana, this 27th day of March 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**